IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff** v. JOSÉ ANTONIO FLORES-TORRES, **Defendant.** | **CIVIL NO.** 19-453-7(RAM) |

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Defendant José Antonio Flores-Torres's ("Flores-Torres") *Motion to Request A Court-Appointed Lawyer to Assist with a Motion Pursuant to In Re: Thomas 988 F.3d 783 (2021)* ("*Motion*"). (Docket No. 542). The Court **DENIES** the *Motion* for the foregoing reasons.

On July 17, 2019, Flores-Torres was indicted on four counts of an eleven-count indictment. (Docket No. 3 at 1-3 and 6). He ultimately accepted a plea agreement for two counts. (Docket No. 200). First, he pled guilty to Possession of Firearms in Furtherance of a Drug Trafficking Crime (Aiding and Abetting), in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2) ("Count 1"). Id. at 1-2 and 5. Second, he pled guilty to Conspiracy to Possess with Intent to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860 ("Count 3"). Id. at 2 and 5. In

particular, when calculating the applicability of the sentencing guidelines for Count 3, the parties stipulated that Flores-Torres was responsible for possessing with the intent to distribute 2.8-5.6 grams of cocaine base. Id. at 5. On August 11, 2020, he was sentenced to seventy-five (75) months of imprisonment, that is, sixty (60) months as to Count 1 and fifteen (15) months as to Count 3, to be served consecutively. (Docket No. 447). Judgment was entered on that same date and Flores-Torres did not appeal the judgment. (Docket No. 448). The case was reassigned to the undersigned on February 20, 2020. (Docket No. 227).

On July 27, 2021, Flores-Torres filed the pending *Motion*. (Docket No. 542). The *Motion* requests appointment of counsel so that counsel can then help him file a motion to vacate his sentence and judgment pursuant to 28 U.S.C. ¶ 2255. Id. He alleges therein that given that the Court of Appeals for the Fourth Circuit determined in In Re: Thomas, 988 F.3rd 783 (4th Cir. 2021) that United States v. Davis, 139 S.Ct. 2139 (2019) was retroactive, the Court should evaluate whether a retroactive application of Davis would affect his § 924(c) conviction. Id. Notably, Davis struck as void part of the statutory definition of a "crime of violence" included in § 924(c) for vagueness.

While Flores-Torres did plead guilty to a violation of § 924(c), Davis did not address nor affect the validity of § 924(c) and its ban on utilizing a firearm in furtherance of "drug

trafficking crime." *See* Pizarro-Galarza v. United States, 2021 WL 1565562, at *2 (D.P.R. 2021); *see also* United States v. Withee, 2020 WL 2557197, at *3 (D.R.I. 2020) (explaining that "*Davis* does not affect the definition of 'drug trafficking crime' in 18 U.S.C. § 924(c)(2). Mr. Withee's prior drug trafficking crimes triggered the charge under 18 U.S.C. § 924(c)(1), not any alleged prior crime of violence.")

Here, because Flores-Torres was convicted of a violation of 924(c)(1)(A)(i) in furtherance of a drug-trafficking crime, **Davis is inapplicable to his crimes.** (Docket No. 448 at 1). This holding is consistent with recent District of Puerto Rico case law. In Pizzaro-Garcia, the Court determined that "[b]ecause Mr. Pizarro-Galarza was convicted of possessing a firearm in furtherance of a drug trafficking crime, not a crime of violence, he does not present a *Davis* claim[.]" Pizzaro-Garcia, 2021 WL 1565562, at *2; *see also* Falú-Díaz v. United States, 2021 WL 5235129, at *2 (D.P.R. 2021).

The Court also notes that "appointment of counsel in a § 2255 proceeding is warranted only in rare circumstances." Acosta-Andujar v. United States, 74 F. Supp. 3d 496, 499 (D.P.R. 2015). A petitioner must show that: (1) they have presented a plausible claim; (2) their claim is "factually complex and legally intricate;" (3) the facts are mostly undeveloped; and (4) that they are "severely hampered in [their] ability to investigate the

facts." Id. (citing United States v. Mala, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). Appointment of counsel is unwarranted in this case because Flores-Torres clearly articulated his argument but is not entitled to the § 2255 relief sought. Lastly, the circumstances of his claim lack the complexity and merit that would warrant appointment of counsel. *See e.g.*, Fernandez-Malave v. United States, 502 F. Supp. 2d 234, 241 (D.P.R. 2007) (denying a motion requesting appointment of counsel given that the petitioner's claim "not only lacks complexity, but also lacks merit as well.")

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Flores-Torres's *Motion to Request A Court-Appointed Lawyer to Assist with a Motion Pursuant to In Re: Thomas 988 F.3d 783 (2021)* at Docket No. 542.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of April 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge